IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CV-511-BO

| | |
|---|---|
| KIMBERLEY L. NORMAN, )<br>　　　　　　　　Plaintiff, )<br>)<br>v. )<br>)<br>BEASLEY MEZZANINE HOLDINGS, )<br>LLC, BEASLEY FM ACQUISITION )<br>CORP., BECKY GILREATH, )<br>KATHRYN LOLLIS a/k/a/ KATY LOLLIS, )<br>and EDWARD MCTINDAL a/k/a/ )<br>MAC EDWARDS, )<br>　　　　　　　　Defendants. )<br>_____) | O R D E R |

This matter is before the Court on Defendants' Motion for Summary Judgment [DE 28]. Plaintiff has responded [DE 33], Defendants have replied [DE 37], and the matter is now ripe for ruling. For the reasons discussed below, Defendants' Motion for Summary Judgment is denied.

## BACKGROUND

Plaintiff was employed by Defendant Beasley,[1] an operator of five radio stations in Fayetteville, North Carolina, as an account executive. Plaintiff's responsibilities included traveling throughout a fourteen county district selling air time. Specifically, Plaintiff was responsible for writing proposals, seeking advertising clients, soliciting business, and writing advertisements. Plaintiff was also responsible for ensuring that clients' ad copy was properly

---

[1] Plaintiff contends that her paychecks indicate that Beasley Mezzanine Holdings LLC was her employer. Defendants assert that Beasley FM Acquisition Corp. was Plaintiff's employer and that Beasley Mezzanine Holdings is not a proper defendant. For the purposes of consideration of this motion, and in viewing the facts in the light most favorable to the Plaintiff, the Court will construe the Beasley entities together as Plaintiff's employer, referred to hereinafter as "Beasley."

submitted so that it could air at the appropriate times. Plaintiff's salary was based on a commission of her sales.

Plaintiff suffers from irritable bowel syndrom (IBS) that in 2009 began to worsen. In January 2010 Plaintiff submitted documentation to her employer requesting coverage under the Family Medical Leave Act (FMLA). Plaintiff was notified that her FMLA request was approved, and she became eligible for up to twelve weeks of unpaid leave in a calendar year for specified family and medical reasons. Plaintiff was never denied a request for time off under FMLA by Defendants.

Plaintiff was terminated from her employment with Defendant Beasley on April 12, 2010. She filed suit against Defendants in Cumberland County Civil Superior Court on October 15, 2010, alleging that Defendants violated the FMLA and that the basis for her termination was discriminatory and retaliatory. Defendants removed the action to this Court on November 17, 2010. Defendants answered Plaintiff's complaint and her amended complaint and have now moved for summary judgment.

## DISCUSSION

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). In determining whether a genuine issue of material fact exists for trial, a

trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment; "there must be evidence on which the [fact finder] could reasonably find for the [nonmoving party]." *Anderson v. LibertyLobby, Inc.*, 477 U.S. 242, 252 (1986).

## FMLA

The FMLA entitles employees to take "reasonable leave for medical reasons." 29 U.S.C. § 2601(b)(2). The act allows eligible employees to take a total of twelve workweeks of leave during any twelve month period due to a "serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). If agreed to by the employee and the employer, FMLA leave may be taken intermittently or on a reduced leave schedule. 29 U.S.C. § 2612(b)(1). The Act also contemplates protection from discrimination for employees who exercise their rights under the FMLA. 29 U.S.C. § 2615(a)(2); *Hodgens v. General Dynamics Corp.*, 144 F.3d 151, 160 (1st Cir. 1998). Specifically, "employers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions, or disciplinary actions." 20 C.F.R. § 825.220(c). The proscription of discrimination or retaliation against an employee for exercising their rights under the FMLA is analogous to the proscription of discrimination and retaliation found in Title VII. *See Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1017 (7th Cir. 2000); *Yashenko v. Harrah's N.C. Casino Co., LLC*, 446 F.3d 541, 546 (4th Cir. 2006).

Because FMLA retaliation claims are analogous to Title VII claims, they are also analyzed under the *McDonnell Douglas* burden-shifting framework. *Yashenko*, 446 F.3d at 551

(citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). The plaintiff must first make a prima facie case of retaliation by showing that she "engaged in protected activity, that the employer took adverse action against [her], and that the adverse action was causally connected to the plaintiff's protected activity." *Cline v. Wal-Mart Stores, Inc.*, 144 F.3d 294, 301 (4th Cir. 1998). If the plaintiff can make a prima facie showing, the burden shifts to the defendant to offer a non-discriminatory explanation for the plaintiff's termination. *Yashenko*, 446 F.3d at 551. If the defendant can show that the termination was non-discriminatory, the plaintiff must then establish that the employer's explanation is merely pretext for FMLA discrimination. *Id.*

### A. Prima Facie Showing

Plaintiff has made a prima facie showing of her FMLA retaliation claim. Plaintiff engaged in protected activity by requesting FMLA coverage and by taking FMLA leave. *See* 20 C.F.R. § 825.220(c). Plaintiff suffered an adverse employment action when she was disciplined and subsequently terminated on April 12, 2010. Plaintiff has also shown a causal connection between her FMLA activity and her adverse employment actions. An adverse employment action need not be solely caused by Plaintiff's engagement in protected activity, and a Plaintiff may offer "evidence of the temporal proximity between [her] absence and the elimination of [her] job" to make a prima facie case of causality. *Yashenko*, 446 F.3d at 551. Plaintiff took FMLA leave on Friday, April 9, 2010, and was both disciplined and terminated the following Monday; Plaintiff has made the requisite showing of causality to establish a prima facie case for retaliation under the FMLA.

### B. Non-discriminatory Explanation & Pretext

When viewing the facts in the light most favorable to Plaintiff, there remains a genuine

4

Case 5:10-cv-00511-BO   Document 38   Filed 11/14/11   Page 4 of 6

issue of material fact as to whether Plaintiff was disciplined or terminated because she took FMLA leave. Defendants have offered evidence that Plaintiff's discipline and termination were not a result of her FMLA leave, but rather of her declining sales performance, her persistent tardiness, and ultimately her insubordination. Plaintiff's alleged insubordination arose when, during a meeting with her supervisors about her job performance, Plaintiff requested a tape recorder or the presence of an attorney before proceeding further with discussions. The meeting was adjourned, and Plaintiff was ultimately escorted from the building. Plaintiff's supervisors then decided that Plaintiff's refusal to proceed with discussions constituted insubordination, a ground for immediate termination.

Plaintiff contends that her request for a tape recorder or for an attorney to be present was in compliance with the FMLA, which requires that disputes between employers and employees over qualifying FMLA leave should be documented. 20 C.F.R. § 825.301(c). Additionally, Plaintiff offers evidence that such an accommodation was offered, but that Plaintiff's supervisors subsequently determined that such a request was insubordination and failed to continue the meeting at a later time.

Defendants also argue that, in addition to meeting their burden in establishing a non-discriminatory basis for Plaintiff's termination, Plaintiff cannot show that the reasons proffered by Defendants are in fact merely pretextual. Plaintiff has offered sufficient evidence, however, to call into question whether Defendants' explanation for her termination is merely pretext. Plaintiff points to the fact that just prior to her termination she received a laudatory performance evaluation and that she had already exceeded her monthly sales quota. Plaintiff also disputes Defendants' contention that Plaintiff's termination was not planned, pointing to an email from a

5

month prior to her termination stating that Plaintiff was a "weak link." Plaintiff has also offered evidence that Defendants did not consider her FMLA condition to be very serious, and that Plaintiff's supervisors appeared to doubt whether Plaintiff's frequent absences were in fact caused by a her FMLA-covered medical condition.

Because Defendants have failed to proffer sufficient undisputed facts to show that Plaintiff was disciplined only due to problems with job performance or terminated only because of insubordination, summary judgment is inappropriate at this time.

## CONCLUSION

Accordingly, for the reasons discussed above, Defendants' Motion for Summary Judgment is DENIED.

SO ORDERED, this __14__ day of November, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE